JUDGE MARRERO

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ELLE SASSON, MAGA TEAM (HONG KONG) LTD. and ELLE MOORE & G LLC,** | 15 CV 00194 Civil Action No. |
| **Plaintiffs,** | **COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT AND NON-DILUTION OF TRADEMARK** |
| **v.** | |
| **HACHETTE FILIPACCHI PRESSE d/b/a ELLE MAGAZINE,** | **ECF CASE** |
| **Defendant.** | |

RECEIVED JAN 12 2015 U.S.D.C. S.D.N.Y. CASHIERS

1.    Plaintiffs Elle Sasson, Maga Team (Hong Kong) Ltd. and Elle Moore & G LLC by and through their undersigned attorneys, for their Complaint against defendant Hachette Filipacchi Presse d/b/a Elle Magazine ("Hachette" or "Defendant"), allege as follows:

**INTRODUCTION**

2.    Plaintiff Elle Sasson is a fashion designer that has met with substantial consumer and trade acclaim and sales success, ever since the introduction of her first fashion line in early 2014.  Plaintiffs Maga Team (Hong Kong) Ltd. and Elle Moore & G LLC are business entities that manufacture, distribute and sell the branded clothing products of Elle Sasson.

3.    Defendant is the proprietor of the magazine ELLE and the owner of its associated ELLE intellectual property registrations.  Defendant has (i) sent a cease and desist letter to Elle Sasson and her father and business partner Maurice Sasson and (ii)

commenced an opposition proceeding against the trademark application for ELLE SASSON in an attempt to control the manner in which Elle Sasson <u>uses her own natural name</u> and brand "Elle Sasson" in the fashion marketplace.  If unimpeded and successful, Defendant's actions will cause irreparable harm to the expansion of Plaintiffs' business.

## NATURE OF ACTION

4.     This is an action for declaratory judgment which arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*  By this action, Plaintiffs seek a declaration that they have not infringed upon or diluted the asserted trademark rights of Defendant in the mark ELLE by virtue of Plaintiffs' use, distribution, sales and/or other related activities under Ms. Sasson's natural name and brand "Elle Sasson" in the fashion marketplace.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an action brought pursuant to the Lanham Act and a substantial part of the events giving rise to Defendant's claims occurred within this district.

## THE PARTIES

7.     Elle Sasson is a citizen of the United States, and as noted, is actively involved in all aspects of the fashion business, under her natural name and brand "Elle Sasson."

2

8.    Maga Team (Hong Kong) Ltd. is a corporation organized under the laws of the British Virgin Islands, with a mailing address at P.O. Box 915, Road Town, Tortola, British Virgin Islands.  The designer Elle Sasson is a principal of this entity.

9.    Maga Team (Hong Kong) Ltd. is the owner of the ELLE SASSON trademark and brand in the United States and internationally, and the manufacturer and exporter of "Elle Sasson" branded clothing.

10.    Elle Moore & G LLC is a limited liability company organized and existing under the laws of the State of New York, with an address at 437 Madison Avenue, 40th Floor, New York, New York 10022.

11.    Elle Moore & G LLC controls and oversees various activities with respect to "Elle Sasson" branded clothing in the United States, including importation, distribution, and sales activities in the fashion marketplace.

12.    Hachette is a corporation organized and existing under the laws of France with a principal place of business at 149, rue Anatole France, Levallois-Perret Cedex, 92534, France.   Upon information and belief, Hachette and/or companies under its direction and control, have offices in New York, New York.

13.    Hachette is the proprietor of ELLE magazine, and the owner of its related ELLE United States trademark registrations.

14.    Personal jurisdiction over Hachette exists because Hachette (i) transacts business within this State and judicial district through its ELLE magazine and other activities, (ii) regularly does or solicits business within this State and judicial district, (iii) derives substantial revenue from intrastate and interstate commerce; (iv) has committed tortious acts having injurious consequences within this State and judicial district, and (v)

because Hachette expected or should have reasonably expected its tortious acts to have injurious consequences to Plaintiffs within this State and judicial district.

## FACTUAL BACKGROUND

### Elle Sasson's Fashion Line and Growth

15.    The designer Elle Sasson was born in 1988 in New York City to fashion icon Maurice Sasson and his wife.  A copy of her birth certificate is attached as **Exhibit A**.

16.    Ms. Sasson trained with the well-known designers Alice + Olivia  and Derek Lam in New York before branching off to create her own label.

17.    In Spring 2014, Plaintiffs, under the direction and guidance of Ms. Sasson, introduced the first line of "Elle Sasson" branded women's daytime wear. Photographs of pieces from this collection and her 2015 collections are attached as **Exhibit B**.  Plaintiffs intend to expand their activities in the fashion marketplace to other fashion products and services.

18.    10eleven, on information and belief one of the most influential multi-line showrooms in the country, has accepted "Elle Sasson" clothing into its New York and Los Angeles showrooms.  The "Elle Sasson" clothing is displayed alongside the clothing of such iconic designers as Diane Von Furstenberg.  10eleven is responsible for the promotion, offering for sale and sales of the "Elle Sasson" brand in the U.S.

19.    Since their introduction, Plaintiffs' "Elle Sasson" garments have received praise from prominent fashion press.

20.    Refinery29, on information and belief the largest independent fashion and

4

style website in the Unites States and the fastest growing media company on the 2013 Inc. 500 list, in an article entitled "New Designer Crush! An NYC Line We'll Wear All Spring" stated that they were "already kind of die-hard fans" and that Elle Sasson was a "new It designer." A copy of this online article is attached as **Exhibit C**.

21.    Style.com, on information and belief the most-visited women's fashion magazine site online, stated that "Elle Sasson strikes a balance" and lauded her for her "razor-sharp focus." A copy of this online article is attached as **Exhibit D**.

22.    The Zoe Report, the website of famed fashion stylist and reality television star Rachel Zoe, in an article entitled "Obsessed: Elle Sasson's LA-Inspired Collection," said that Ms. Sasson's "namesake line features ultra-cool cuts with a feminine, California-inspired twist we're dying to get our hands on." The article further stated that they "adore her ready to wear line." A copy of this online article and the relevant portions of its webpage is attached as **Exhibit E.**

23.    The fashion magazine Teen Vogue, in an article entitled "Palm Trees? Yes Please! Why Elle Sasson is the New Label We Love," and subtitled "We're crushing hard on the NYC-based designer's debut collection," stated "Count us among the young designer's super-fans". A copy of this online article is attached as **Exhibit F.**

24.    Women's Wear Daily, on information and belief the most prominent daily fashion publication in the U.S., featured Elle Sasson for a "New Designer Profile." A copy of this article is attached as **Exhibit G**.

25.    The fashion magazine Nylon, in a blurb in its April 2014 print version entitled "palm d'or," stated "Elle Sasson's very first collection is full of everything we

want to wear right this minute."  A copy of the magazine page featuring this blurb is attached as **Exhibit H**.

26.    Celebrities have also flocked to the "Elle Sasson" brand.  The actress and dancer Julianne Hough wore an "Elle Sasson" brand dress on the cover and in a photo shoot for People Magazine's June 30, 2014 issue.  The cover and excerpts from this People Magazine are attached as **Exhibit I**.

27.    "Elle Sasson" brand's latest line of clothing has also been featured in Self Magazine, Essence magazine and In Style magazine.  Copies of the pages from these magazines featuring "Elle Sasson" clothing are attached as **Exhibit J**.

28.    Defendant's ELLE Magazine itself has applauded Elle Sasson by featuring her clothing in its "25 Ways to Ace Tennis Style" and "50 Dresses Perfect for Summer" slideshows on its website <www.elle.com>.  Excerpts from these slideshows featuring "Elle Sasson" clothing are attached as **Exhibit K.**

29.    The retail fashion marketplace has also responded favorably to Plaintiffs' "Elle Sasson" clothing.

30.    In September 2014, major retailer Bergdorf Goodman featured Elle Sasson's clothing in one of its exterior window displays in its Manhattan flagship location.  Photographs of this display are attached as **Exhibit L**.

31.    Plaintiffs' "Elle Sasson" clothing is currently sold in specialty stores, major U.S. retailers Neiman Marcus and Saks Fifth Avenue, and on websites such as Stylebop and Intermix.

32.    Within this short period, the sales of Plaintiffs' "Elle Sasson" clothing have

expanded internationally to countries such as Germany, Dubai, South Korea, United Arab Emirates and Singapore.

## The Sasson Name

33.     The designer Elle Sasson's name, the brand "Elle Sasson," and the associated trademark ELLE SASSON prominently feature the name "Sasson," which has longstanding significance within the fashion industry based upon the exploits in the fashion world of the designer's father Maurice Sasson.

34.     In the mid-1970s, Maurice Sasson started Sasson Jeans, which became a well-known brand and successfully introduced the idea of designer jeans to the world. For the first time, due to their flattering cuts and styles, jeans became a fashion statement.

35.     Women's Wear Daily, in its profile of Elle Sasson, stated that "The name Sasson was synonymous with designer-jean chic in the Seventies and better casual in the Eighties."  See **Exhibit G**.

36.     At its peak in 1984, sales of jeans using the Sasson brand soared well over $100 million.

37.     The Sasson name was extensively licensed on products from watches to lingerie, and the "Oo-la-la Sasson" jingle was sung by members of the New York Rangers hockey team in popular commercials.

38.     The "Sasson" tradition continues as Sasson brand jeans are currently sold in the major American retailer Walmart.

39.     As a result of these activities, to the public interested in fashion, the designer name and brand "Elle Sasson" continue the Sasson surname and tradition to

the present.

## Defendant's Trademark-Related Allegations

40.     On or about September 13, 2013, Maurice Sasson and Elle Sasson received a cease and desist letter from counsel for Hachette, with the subject line "OBJECT: USA Hachette Filipacchi Presse."  A copy of the original illegible letter, and a transcribed legible copy, are attached as **Exhibit M**.

41.     Counsel for Hachette asserted, *inter alia*, that the use and registration of ELLE SASSON by Elle Sasson and Maurice Sasson "will mislead the consumer into conceiving an association or link between you and our client, and may take unfair advantage and or cause detriment to the reputation of our client's earlier mark ELLE and or may dilute the value of our client's famous trademark."  The letter further stated that the brand "Elle Sasson" is "confusingly similar to the trademark ELLE."

42.     Contrary to Defendant's conclusions, no fashion marketplace confusion has arisen between Defendant's ELLE magazine and ELLE products, and "Elle Sasson" branded clothing.

43.     Defendants have not notified Plaintiffs or their counsel of any such fashion marketplace confusion.

44.     On information and belief, Defendant has no knowledge of any such fashion marketplace confusion.

45.     On February 21, 2013, Plaintiff Maga Team (Hong Kong) Ltd. filed in the United States Patent and Trademark Office ("P.T.O.") an intent-to-use application for the trademark ELLE SASSON in relation to "clothing, namely dresses, pants, jackets, blouses, pant suits, dress suits, slacks, shirts, headwear, belts, blouses, skirts, evening

gowns, vests, blazers, lingerie." On June 12, 2013 the Examining Attorney for the

P.T.O. issued an Examiner's Amendment which included, *inter alia*, a statement that

the Examining Attorney had searched the database of registered and pending

trademark and had found no conflicting marks that would bar registration. A copy of

this Examiner's Amendment is attached as **Exhibit N**. On information and belief, the

Examining Attorney reviewed the ELLE trademark registrations owned by Defendant,

including multiple ELLE registrations in relation to clothing products, and determined

that there was no likelihood of confusion between Defendant's ELLE trademark

registrations and the mark ELLE SASSON.

46.     On February 24, 2014, Defendant instituted a Trademark Trial and Appeal

Board opposition action, Proceeding No. 91215067, opposing plaintiff Maga Team

(Hong Kong) Ltd.'s application to federally register the trademark ELLE SASSON, and

asserting claims for likelihood of confusion under 15 U.S.C. §1052 (d) and dilution

under 15 U.S.C. §1125 (c).

47.     Plaintiff Maga Team (Hong Kong) Ltd. filed its Answer to the Notice of

Opposition on April 4, 2014, denying the material allegations thereof.

48.     By virtue of the foregoing, there is an actual, present and justiciable

controversy between Plaintiffs and Defendant, and Plaintiffs are compelled to seek a

declaration from this Court that their advertising, promotion and use of the ELLE

SASSON mark on clothing does not infringe or dilute Defendant's mark ELLE.

## COUNT I
## DECLARATION UNDER 28 U.S.C. §2201 OF
## NON-INFRINGEMENT OF TRADEMARK UNDER THE LANHAM ACT

49.    Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 48 as if set forth in full herein.

50.    An actual controversy has arisen and now exists between Plaintiffs and Defendant concerning whether Plaintiffs, based on their use, advertising, marketing and sales activities with respect to the "Elle Sasson" brand, have infringed and are infringing Defendant's trademark rights in the mark ELLE.

51.    Plaintiffs have not infringed and are not infringing, directly or indirectly, contributorily, by inducement or otherwise, any mark owned by Defendant, including any trademark rights that it owns in ELLE.

52.    Accordingly, Plaintiffs require a judicial determination of rights and duties of the parties under 15 U.S.C. §§1114 and 1125(a), and the common law, and a declaratory judgment that Plaintiffs' use of its "Elle Sasson" brand and mark does not infringe, directly or contributorily, any valid ELLE mark held by Defendant.

## COUNT II
## DECLARATION UNDER 28 U.S.C. §2201 OF
## NON-DILUTION OF TRADEMARK UNDER THE LANHAM ACT

53.    Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 52 as if set forth in full herein.

54.    Plaintiffs have not diluted and are not likely to dilute, directly or indirectly, contributorily, by inducement or otherwise, any mark owned by Defendant, including any trademark rights that it owns in ELLE.

10

55.    Accordingly, Plaintiffs require a judicial determination of the rights and duties of the parties under the trademark laws of the United States (including but not limited to 15 U.S.C. §1125 (c)), the laws of the State of New York, and the common law with respect to use of the ELLE SASSON mark, and a declaratory judgment that Plaintiffs' use of the ELLE SASSON mark does not dilute, nor is it likely to dilute, directly or contributorily, any valid ELLE mark allegedly owned by Defendant.

**WHEREFORE**, Plaintiffs demand judgment:

A.    That the Court issue a declaration that Plaintiffs' use of the ELLE SASSON mark and brand on clothing and related fashion products and services does not infringe, directly or contributorily, any valid ELLE mark held by Defendant under 15 U.S.C. §§1114 and 1125(a), the laws of the state of New York, or the common law;

B.    That the Court issue a declaration that Plaintiffs' use of the ELLE SASSON mark and brand on clothing and related fashion products and services does not dilute, directly or contributorily, any valid ELLE mark held by Defendant under 15 U.S.C. §1125 (c), the laws of the state of New York, or the common law;

C.    That Plaintiffs are not violating any rights of Defendant with respect to any trademark at issue.

D.    That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. §1117 (A);

E.    That Plaintiffs be awarded their costs and attorneys' fees to the extent permitted by law; and

F.    That Plaintiffs be awarded such other and further relief as the Court may

deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiffs
270 Madison Avenue, 8th Fl.
New York, New York 10016
Tel. (212) 684-3900

By: _____
George Gottlieb (GG 5761)
ggottlieb@grr.com
Jonathan Purow (JP 0052)
jpurow@grr.com

Dated: January 12, 2015
New York, New York